IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-23-182-JD-3 |
| ) | |
| ALEJANDRA ROMERO ARELLANO, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Defendant Alejandra Romero Arellano ("Arellano") filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines ("Motion") [Doc. No. 194]. Arellano asserts that she is eligible for a sentence reduction as a zero-point offender. Motion at 1. The United States responded in opposition asserting that Arellano already received the benefit of Amendment 821 at her sentencing [Doc. No. 196]. The United States Probation Office ("USPO") filed a Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 ("Preliminary Report") [Doc. No. 199]. Additionally, Arellano filed a Supplement to her Motion [Doc. No. 198], which the Court construes as a habeas petition under 28 U.S.C. § 2241 ("§ 2241 petition").

For the reasons stated below, the Court dismisses the Motion for lack of jurisdiction because Arellano is not eligible for a sentence reduction under § 3582(c)(2) having already received the benefit of Amendment 821 at her sentencing hearing. The Court also dismisses Arellano's § 2241 petition as it was filed in the wrong district; it

should have been filed in the district where Arellano is confined, which is the Northern District of Texas.

I.  **BACKGROUND**

On September 5, 2023, Arellano entered a plea of guilty to the one-count Superseding Information charging her with possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). [Doc. Nos. 104, 112–117]. On November 27, 2023, the USPO filed the Final Presentence Investigation Report ("PSR"). [Doc. No. 154]. The PSR assigned a base offense level of 34 for Count 1. PSR ¶ 33. Two levels were added to the base offense level under USSG § 2D1.1(b)(12) because Arellano "maintained a premises for the purpose of manufacturing or distributing a controlled substance." *Id.* ¶ 34. Two levels were deducted because of Arellano's eligibility under USSG §§ 2D1.1(b)(18) and 5C1.2, and another two-level reduction was applied for Arellano's minor participant role in the offense under USSG § 3B1.2(b). *Id.* ¶¶ 35, 37. After applying the enhancements and role adjustments, the PSR calculated an adjusted offense level of 32 for Count 1. *Id.* ¶ 39. Additionally, Arellano met the criteria in USSG § 4C1.1(a) to qualify for a zero-point offender adjustment, and the offense level was reduced another two levels. *Id.* ¶ 40. After a three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 27. *Id.* ¶¶ 41–43.

The PSR calculated a total criminal history score of zero for Arellano, placing her in a criminal history category of I. *Id.* ¶ 50. Based on a total offense level of 27 and a criminal history category of I, Arellano's advisory guideline range for imprisonment was 70 months to 87 months. *Id.* ¶ 77.

At the sentencing hearing held on February 26, 2024, the Court adopted the PSR without change. [Doc. No. 185 at 1]. The Court granted Arellano's request for a downward variance in part and sentenced Arellano to a term of imprisonment of 57 months. Judgment at 2 [Doc. No. 184 at 2]; *see also* [Doc. No. 182 at 1]. Arellano now asks the Court to reduce her sentence based on Amendment 821 to the United States Sentencing Guidelines. Motion at 1. She also asks the Court to award her proper credits under the First Step Act ("FSA"), asserting that the Federal Bureau of Prisons ("BOP") has improperly withheld credits, which would make her eligible to be released to a halfway house. *See* § 2241 petition.

## II.     DISCUSSION

**A.     Arellano is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) having already received the benefit of Amendment 821 at her sentencing.**

Congress has authorized courts to modify prison sentences only under limited circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (explaining that district courts lack inherent authority to modify a previously imposed sentence absent statutory authorization); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (recognizing that a "district court is authorized to modify [the defendant's] sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so").

One basis of authority is 18 U.S.C. § 3582(c)(2), which allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission . . . ." 18 U.S.C. § 3582(c)(2). In such a case, the Court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with the applicable policy statements issued by the Sentencing Commission. *See id.*

"Section 3582(c)(2) prescribes a two-step process." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). At step one, the district court must follow the Sentencing Commission's "'instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.'" *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)); *see United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (explaining that the first step, "a matter of law, is whether a sentence reduction is even *authorized*"). At step two, the district court considers whether such reduction "'is warranted in whole or in part'" based on the applicable § 3553(a) factors and policy statements. *Piper*, 839 F.3d at 1266; *see White*, 765 F.3d at 1245 (explaining that the second step, "a matter of discretion, is whether an authorized reduction is in fact *warranted*"). Additionally, the district court "'may consider' the defendant's post-sentencing conduct." *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012) (quoting USSG § 1B1.10, cmt. n.1(B)(iii)). Section 3582(c)(2), however, does not provide a new sentencing proceeding. *See Piper*, 839 F.3d at 1266 (explaining that § 3582(c)(2)'s process "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding" (internal quotation marks and citations omitted)).

4

Arellano seeks a sentence reduction under Part B of Amendment 821 to the United States Sentencing Guidelines. Motion at 1. Amendment 821 took effect on November 1, 2023, and applies retroactively. Part B, which created a new guideline at USSG § 4C1.1, provides for a decrease of two levels to the offense level for zero-point offenders who meet all criteria listed in § 4C1.1(a). *See* USSG Suppl. to App. C, Amend. 821 (Part B) (Zero-Point Offenders); *see also* USSG § 4C1.1(a) (Nov. 2023).

As noted at sentencing, Arellano has zero criminal history points and meets all the criteria listed at § 4C1.1(a). *See* PSR ¶ 40; *see also* [Doc. No. 185 at 1]. As a result, her adjusted offense level was decreased by two levels from 32 to 30 to account for Part B of Amendment 821 before application of the three-level reduction for acceptance of responsibility. *See* PSR ¶ 40. This resulted in an advisory guideline range of imprisonment of 70 months to 87 months (total offense level 27 and a criminal history category of I). *Id.* ¶ 77. Without application of Amendment 821, her advisory guideline range of imprisonment would have been 87 months to 108 months (total offense level of 29 and a criminal history category of I). Additionally, the Court varied below the reduced advisory guideline range of 70 to 87 months by sentencing Arellano to a term of imprisonment of 57 months. Accordingly, because Arellano received the benefit of Amendment 821 at sentencing, a reduction in sentence under 18 U.S.C. § 3582(c)(2) is not authorized.

The Court therefore lacks jurisdiction under § 3582(c)(2) to modify Arellano's sentence and dismisses the Motion. *See White*, 765 F.3d at 1250 (explaining that where a defendant is "ineligible to receive a sentence reduction under § 3582(c)(2), . . . dismissal

for lack of jurisdiction rather than denial on the merits is the appropriate disposition"); *see also United States v. Angulo-Lopez*, 755 F. App'x 811, 813 (10th Cir. 2018) (unpublished) (affirming the district court's dismissal for lack of jurisdiction where Amendment 782 did not affect the defendant's guideline range).[1]

**B.    The Western District of Oklahoma is not Arellano's district of confinement, so the Court dismisses Arellano's § 2241 petition for lack of jurisdiction.**

Additionally, Arellano asks the Court to award her FSA credits that she asserts the BOP has improperly withheld thereby affecting her eligibility for halfway house release. *See* § 2241 petition. Because Arellano is challenging the execution of her sentence rather than its validity, the Court construes this request as a § 2241 habeas petition. *See Warren v. United States*, 707 F. App'x 509, 511 n.4 (10th Cir. 2017) (unpublished) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997) and explaining that a prisoner seeking to challenge certain "'matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters . . . affecting the fact or duration of the [prisoner's] custody,'" must raise such claims in a § 2241 petition). A § 2241 habeas petition attacking the execution of the sentence "must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). According to the BOP's website, Arellano is currently confined at FMC Carswell in Fort Worth, Texas,[2] which is in the Northern District of Texas. *See* 28 U.S.C. § 124(a).

---

[1] The Court nevertheless acknowledges Arellano's programming in the BOP and commends her efforts. *See* Motion at 4; *see also* [Doc. No. 198-1 at 18–27].

[2] *See* https://www.bop.gov/inmateloc/ (last accessed Jan. 1, 2025).

The Western District of Oklahoma is not Arellano's district of confinement, and accordingly, the Court lacks jurisdiction over Arellano's § 2241 petition. Therefore, the § 2241 petition is dismissed. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (explaining that jurisdiction over § 2241 petitions "lies in only one district: the district of confinement").[3]

### III.  CONCLUSION

Defendant Alejandra Romero Arellano's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines [Doc. No. 194] and § 2241 petition [Doc. No. 198] are both DISMISSED for lack of jurisdiction.[4]

IT IS SO ORDERED this 2nd day of January 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[3] Arellano also filed a § 2241 petition in the United States District Court for the Northern District of Texas, Fort Worth Division, Case No. 24-cv-01175-O (docket last accessed on Jan. 1, 2025).

[4] Only to the extent necessary, the Court denies a certificate of appealability.